*588 OPINION.
Van Fossan :
The first question presented is whether or not petitioner is entitled to deduct as an ordinary and necessary business expense the payments made to accountants for services rendered in connection with,a controversy over petitioner’s 1932 and 1933 Federal income taxes.
Petitioner’s argument that the decision of this Board in Loim E. Stoddard, Jr., Docket No. 92977, memorandum opinion entered December 14, 1939, is res judicata as to this issue must be rejected. A finding that petitioner was engaged in business during the year 1934 does not establish that he was engaged in business during the year 1936. Moreover, such a holding would not dispose of the issue. There remains the question of the nature of the expense.
As to the nature of the expense the proof is insufficient to enable us to hold that the tax controversy which gave rise to the expenditure arose from business transactions. For aught that appears it may have arisen from petitioner’s personal, as contrasted with his business, relationships.
The second issue arises from respondent’s determination that the transaction in which the first mortgage bonds and the second mortgage notes of the Taft Realty Co. were exchanged for first mortgage bonds, second mortgage bonds and stock of the Taft Realty Corporation was a nontaxable exchange upon which no gain or loss may be recognized. The applicable statutory provisions are contained in sections 112 (b) (3)[1] and 112 (g) (1) of the Revenue Act of 1936, *589 as amended by section 213 (g) (1) of the Revenue Act of 1939;[2] and section 112 (g) (2) and (h), Revenue Act of 1936.[3]
Petitioner exchanged his interest in the first mortgage bonds of the old corporation for bonds and stock of the new corporation and he exchanged his interest in the old second mortgage note for new second mortgage bonds. These exchanges were within the scope of section 112 (b) (3). Hence, no gain or loss may be recognized if there was a reorganization to which both corporations were parties.
One of the statutory definitions of a reorganization is the acquisition by one corporation of substantially all the properties of another solely in exchange for all or a part of its voting stock. In the case at bar Taft Eealty Corporation acquired all the properties of Taft Realty Co. by virtue of an exchange of its voting stock and bonds for bonds of the old company. The fact that the new company’s stock was issued to the old bondholders rather than to the old corporation is immaterial. Helvering v. New Haven & Shore Line R. R. Co., 121 Fed. (2d) 985.
In Harden F. Taylor, 43 B. T. A. 563; affd., 128 Fed. (2d) 885, this Board held that the issuance of debentures of the new corporation in exchange for debentures of the old corporation constituted an assumption of indebtedness. We are of the opinion that the issuance of the first and second mortgage bonds in the case at bar likewise constituted an • assumption of indebtedness. The bonds were issued in recognition of the indebtedness of the old corporation. The indebtedness antedated the reorganization and did not arise out of it. Cf. Helvering v. Southwest Consolidated Corporation, 315 U. S. 194. Since the bonds are eliminated from consideration, the property was acquired solely for voting stock, *590 within the meaning of the first part of section 112 (g) (1) (B) of the 1936 Act, as amended.
An essential factor which distinguishes a reorganization from a sale is the existence of a continuity of interest. Pinellas Ice & Cold Storage Co. v. Commissioner, 287 U. S. 462 Helvering v. Minnesota Tea Co., 296 U. S. 378. The Supreme Court has recently held that the continuity of interest requirement is satisfied where a proprietory interest in the new corporation is retained by the creditors of the insolvent old corporation. Helvering v. Alabamia Asphaltic Limestone Co., 315 U. S. 179. Cf. Helvering,v. Southwest Consolidated Corporation, supra. In the case at bar the continuity of interest requirement was satisfied by issuance of stock to the first mortgage bondholders. We are not convinced by petitioner’s argument that a different result should be reached by reason of the fact that the shares of stock were issued to voting trustees. We deem this fact immaterial. See Helvering v. New Haven & Shore Line R. R. Co., supra.
■ In keeping with the above, we hold that the second mortgage bonds were acquired in a nontaxable reorganization.
The record shows that petitioner charged off his interest in the second mortgage note of the old corporation subsequent to the exchange. He claims a' deduction either as a bad debt or as a loss. Since the exchange was nontaxable, no gain or loss may be recognized, nor may petitioner take a bad debt deduction on account of the same. Edith M. Greenwood, 41 B. T. A. 664; Daniel MacDougald, 44 B. T. A. 1046.
It also follows that in determining the deficiency respondent correctly excluded from petitioner’s income the gain reported on the exchange of a part of petitioner’s first mortgage bonds and correctly disallowed the loss claimed on the exchange of the remainder of petitioner’s first mortgage bonds.
Reviewed by the Board.
Decision will he entered for the respondent.
Kern dissents on the second issue.

 (g) Definition of Reorganization under Prior Acts.—
(1) Section 112 (g) (1) of the Revenue Acts of 1938, 1936, and 1934 are amended to read as follows:
“(1) The term ‘reorganization’ means (A) a statutory merger or consolidation, or (B) the acquisition hy one corporation, in exchange solely for all or a part of its voting stock, of substantially all the properties of another corporaton, but in determining whether the exchange is solely for voting stock the assumption by the acquiring corporation of a liability of the other, or the fact that property acquired is subject to a liability, shall be disregarded; or the acquisition by one corporation in exchange solely for all or a part of its voting stock of at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of another corporation, or (C) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the tranfer the transferor or its shareholders or both are in control of the corporation to which the assets are transferred, or (D) a recapitalization, or (E) a mere change in identity, form, or place of organization, however effected.”
(See Wilgard Realty Go. v. Commissioner, 127 Fed. (2d) 514, upholding the constitutionality of the retroactive application of section 213 (g).)

 (g) (2) The term “a party to a reorganization” includes a corporation resulting from a reorganization and includes both corporations in the case of a reorganization resulting from the acquisition by one corporation of stock or properties of another.
(h) Definition of Control. — As used in this section the term “control” means the ownership of stock possessing at least 80 per centum of the total combined voting power of all classes of stock entitled to vote and at least 80 per centum of the total number of shares of all other classes of stock of the corpoiation.